**APRIL 15, 2016**

| | |
|---|---|
| Attorney for Plaintiff - | Paul A. Rossi, Esq., IMPG Advocates |
| | 873 East Baltimore Pike, Suite #705 |
| | Kennett Square, PA  19348 |
| Attorneys for Defendant - | Kenneth L. Joel, Esq., Chief Deputy Attorney General |
| | M. Abbegael Giunta, Esq., Senior Deputy Attorney General |
| | Strawberry Square, 15th Floor, Harrisburg, PA  17120 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENEZET CONSULTING, LLC; TRENTON POOL; and CAROL LOVE, | : : : : |
| PLAINTIFFS, | : **CIVIL ACTION** : : **No. 1:16-CV-00074** |
| vs. | : **Hon. Yvette Kane** : |
| PEDRO A. CORTÉS, in his official capacity as the Secretary of the Commonwealth of Pennsylvania; and JONATHAN MARKS, in his official capacity as Commissioner, of the Bureau of Commissions, Elections and Legislation | : : : : : : *Filed Electronically* : |
| DEFENDANTS. | : : |

JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

1

Having complied with the meet and confer requirements set forth in the LOCAL
RULES, or with any orders specifically modifying their application in the above captioned
matter, the parties hereby submit the following Joint Case Management Plan.
(Revised 12/09)

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:
By plaintiff(s):  **Plaintiffs allege that rights guaranteed to them under the First and Fourteenth Amendments to the United States Constitution are facially or, in the alternative as applied to them, are severely impaired by those provisions of 25 P.S. §§ 2868, 2869 that require:**

        (a)    **Only state residents may circulate and execute the Affidavit of Circulator of nomination petitions for candidates of political parties;**

        (b)    **Each and every page of a nomination petition to be separately notarized as a condition precedent to filing the nomination petition with defendants;**

        (c)    **That enrolled members of political parties may only sign one nomination petition per office.**

**Plaintiffs Benezet Consulting, LLC and Trenton Pool allege that rights guaranteed to them under the Commerce Clause of the United States Constitution are impaired as a direct and proximate result of the requirement that only state residents may circulate and execute the Affidavit of Circulator of nomination petitions for candidates of political parties because it creates a monopoly for Pennsylvania professional circulators by imposing significant additional costs on out-of-state professional circulators requiring them to hire n-state witnesses to work with their out-of-state professional circulators.**

By defendant(s):  **Defendants deny that the provisions challenged violate the U.S. Constitution or the constitutional rights of Plaintiffs. To that end, the provisions impose no burden on Plaintiffs and, in any event, are legitimately and appropriately part of Pennsylvania's overall election framework that allows an orderly process for the selection of presidential—and other—candidates for the Republican and Democratic primaries.  Additionally, Defendants maintain that Plaintiffs lack standing to pursue these challenges and that the specific challenges are not ripe and are moot—at least for the 2016 election cycle.**

    1.2    The facts the parties <u>dispute</u> are as follows:

        (a)    **The parties dispute that the challenged provisions of the Pennsylvania Election Code impair plaintiffs' First Amendment and Fourteenth rights;**

      **(b)**      **The parties dispute that witnesses to the circulation of nomination petitions interfere and impair the circulation of nomination petitions;**

      **(c)**      **The parties dispute that in-state witnesses are difficult to recruit so that out-of-state professional circulators may circulate nomination petitions in Pennsylvania;**

      **(d)**      **The parties dispute that in-state witnesses impair the geographic areas that out-of-state circulators may circulate nomination petitions in Pennsylvania;**

      **(e)**      **The parties dispute that the in-state circulator requirement impairs plaintiffs' rights under the Commerce Clause of the United States Constitution;**

      **(f)**      **The parties dispute that plaintiffs circulate election petitions in Pennsylvania;**

      **(g)**      **The parties dispute that plaintiffs were hired by candidates to circulate nomination petitions in Pennsylvania;**

      **(h)**      **The parties dispute the other material allegations in the Second Amended Complaint**

agree upon are as follows:

      **(e)**      **The parties agree that nomination petitions for state-wide and federal office are filed with defendant;**

      **(i)**      **The parties agree that Pool and Benezet are not residents of the Commonwealth of Pennsylvania but that Love is a resident of the Commonwealth of Pennsylvania;**

      **(j)**      **The parties agree that there are several thousand notary publics in Pennsylvania available to notarize nomination petitions;**

      **(k)**      **The parties agree that notary publics in Pennsylvania are lawfully permitted to charge fees for their services and also are lawfully permitted to not charge for their services;**

1.3    The legal issues the parties dispute are as follows:  **The parties dispute all legal issues except as noted below.**

agree upon are as follows:

      **(a)**      **The parties agree that the First Amendment to the United States Constitution applies to the States through the Fourteenth Amendment to the United States Constitution;**

        **(b)** **The parties agree that Defendants, in their official capacities, are state actors within the meaning of 42 U.S.C. § 1983;**

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: **There are no unresolved issues as to service of process, personal jurisdiction, or venue; however, Defendants believe that Plaintiffs lack standing and that this case is moot and not ripe and, thus, there are subject matter jurisdiction questions that remain.**

1.5    Identify any named parties that have not yet been served: **All named parties have been served.**

1.6    Identify any additional parties that:

plaintiff(s) intends to join: **Plaintiffs are considering joining other parties, but no specific individuals have, as yet, been identified.**

defendant(s) intends to join: **Defendants are considering joining other parties, such as the Republican Party of Pennsylvania and the Democratic Party of Pennsylvania, but no determination, as yet, has been made as to these, or other, potential parties to be joined.**

1.7    Identify any additional claims that:

plaintiff(s) intends to add: **Plaintiffs do not intend to add any additional claims.**

defendant(s) intends to add: **Defendants do not intend to add any additional claims; provided, however, that Defendants reserve the right to seek attorney's fees and costs associated with defending this matter if they prevail.**

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule. **The undersigned counsel certify that the parties have waived initial disclosures.**

2.1   Separately for each party, list by name and title/position each person whose identity has been disclosed.

   Disclosed by **Not Applicable**:

   Name                                            Title/Position

   Disclosed by **Not Applicable**:

   Name                                            Title/Position

**3.0 Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:  **The parties anticipate that the next motions will be cross-motions for summary judgment.**

<u>Nature of Motion</u>           <u>Moving Party</u>       <u>Anticipated Filing Date</u>
**Summary Judgment**        **Both Parties**         **45 days after fact discovery ends**

**4.0 Discovery**

   4.1   Briefly describe any discovery that has been completed or is in progress:

   By plaintiff(s): **Plaintiffs are gathering any written communication between plaintiffs and candidates contracting plaintiffs to circulate nomination petition in Pennsylvania and any communications with circulators and in-state witnesses and any records maintained by plaintiff in preparation of and during the circulation of nomination petitions circulated by plaintiffs in the Commonwealth of Pennsylvania.  Plaintiffs will produce such information as soon as it is obtained.**

   By defendant(s): **Defendants are planning to service written discovery by April 25, 2016.  After responses are received, Defendants intend to take various depositions of Plaintiffs and third-party depositions of those non-parties identified by Plaintiffs in response to the written discovery.**

   4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

    **(a)    Plaintiffs will depose Defendants to establish for the record all the facts necessary to establish their claims;**

    **(b)    Plaintiffs will depose certain circulators and in-state witnesses to establish facts necessary to establish their claims;**

    **(c)    Plaintiffs and Defendants will depose any expert witnesses identified by opposing counsel;**

    **(d)    Defendants intend to depose Plaintiffs, a 30(b)(6) designee of Benezet, and third-parties identified in Plaintiffs' written discovery responses to establish facts necessary to establish or disprove elements of plaintiffs' claims.**

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but to <u>which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:  **The parties do not anticipate objections to any anticipated discovery; however, Plaintiffs intend to propose a Confidentiality Agreement to cover financial aspects of information provided during discovery.**

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation**:  None at this time.**

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits . recommended by plaintiff(s) and by defendant(s)):
4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s):  **15**     defendant(s):  **15**

4.5.2 interrogatories to be served by:

plaintiff(s): **25**     defendant(s):  **25 on each plaintiff**

4.5.3 document production requests to be served by:

plaintiff(s):  **25**     defendant(s):  **25 on each plaintiff**

4.5.4 requests for admission to be served by:

    plaintiff(s):  __25__   defendant(s):  __25 on each plaintiff__

- 4.6 Discovery of Electronically Stored Information

    Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.  **Plaintiffs do not anticipate the need for any discovery of electronically stored information.  Defendants believe that Plaintiffs may be in possession of ESI (emails, texts, other documents) relating to the issues in this case and will seek discovery of the same.**

    Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:  **Counsel have conferred.  Plaintiffs do not anticipate the need for any discovery of electronically stored information.  Defendants, however, believe that Plaintiffs may be in possession of ESI (emails, texts, other documents) relating to the issues in this case and will seek discovery of the same.  The parties are agreeable that any such material will be produced in PDF format on a CD and/or by hard copy printouts.**

## 5.0 Protective Order

- 5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.  **No protective orders are anticipated by the parties.**

- 5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:  **There are no disputes between the parties with respect to the filing of protective orders.**

## 6.0 Scheduling

- 6.1 Final date for joining additional parties:

    **May 2, 2016** Plaintiff(s)

    **May 13, 2016** Defendants(s)

6.2   Final date for amending pleadings:

**November 7, 2016** Plaintiff(s)

**November 21, 2016** Defendants(s)

6.3   All fact discovery commenced in time to be completed by: **October 31, 2016.  If, however, the pleadings are amended, then fact discovery as to those new parties or on those new claims/defenses shall be extended until December 31, 2016.**

6.4   All potentially dispositive motions should be filed by: **45 days after the close of fact discovery.**

6.5   Reports from retained experts due:

from plaintiff(s) **by 14 days after the close of fact discovery**

from defendant(s) **30 days after the production by Plaintiffs**

6.6   Supplementations due: **21 days after the date that Defendants' report is produced**

6.7   All expert discovery commenced in time to be completed: **60 days of the date that Plaintiffs produce their initial report.**

6.8   This case may be appropriate for trial in approximately:   **May 2017**

\_\_\_240 Days from the filing of the action in this court

\_\_\_365 Days from the filing of the action in this court

**485** Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

**April, 2017**  (month/year)

6.10  Trial

6.10.1   Suggested Date for Trial:

**May, 2017**  (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

| | |
|---|---|
| Name | **Paul A. Rossi, Esq**. |
| Title | **Attorney for Plaintiffs** |
| Address | **316 Hill Street, Mountville, PA  17554** |
| | **(717) 961-8978 - Daytime Telephone** |

| | |
|---|---|
| Name | **Kenneth L. Joel, Esq./M. Abbegael Giunta, Esq.** |
| Title | **Chief Deputy Attorney General/Senior Deputy Attorney General** |
| Address | **15th Floor, Strawberry Square, Harrisburg, PA  17120** |
| | **(717) 787-8106 - Daytime Telephone** |

**8.0 Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.  **None**

            ADR procedure – **Not applicable**

            Date ADR to be commenced – **Not applicable**

            Date ADR to be completed – **Not applicable**

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:  **The parties agree that ADR is not useful to resolve this case.**

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:  **This case involves issues of constitutional law that plaintiff is not willing to compromise and defendant is lawfully obligated and required to defendant the challenged provisions.  Only a binding judgment of this Court will resolve this dispute.**

**9.0 Consent to Jurisdiction by a Magistrate Judge**

    Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

    All parties agree to jurisdiction by a magistrate judge of this court: **No.**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

\_\_\_Scranton/Wilkes-Barre

\_\_\_Harrisburg

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0 Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: 4/14/2016           \_\_\_\_Paul A. Rossi, Esq._____
                           Attorney(s) for Plaintiff(s)
                           **X**\_ECF User(s)
                           \_\_\_Waiver requested (as separate document)
                           \_\_\_Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 4/14/2016           \_\_\_\_Kenneth L. Joel, Esq._____
                           Attorneys(s) for Defendant(s)
                           **X**\_ECF User(s)
                           \_\_\_Waiver requested (as separate document)
                           \_\_\_Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P. 7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

Respectfully submitted,

| | |
|---|---|
| ___/s/*Paul A. Rossi, Esq*_____<br>**Paul A. Rossi, Esq.**<br>**Attorney I.D. #84947**<br>*Counsel to Plaintiffs*<br>**IMPG Advocates, Inc.**<br>**873 East Baltimore Pike**<br>**Suite #705**<br>**Kennett Square, PA  19348**<br>**Direct:     717.961.8978**<br>**Fax:         717.898.9302**<br>Paul-Rossi@comcast.net<br><br>**Dated:       April 15, 2016** | **BRUCE L. CASTOR, JR.**<br>**Solicitor General**<br><br>**BRUCE R. BEEMER**<br>**First Deputy Attorney General**<br><br>By:    __s/ *Kenneth L. Joel*_____<br>**KENNETH L. JOEL**<br>**Chief Deputy Attorney General**<br>**Attorney I.D. #72370**<br><br>**M. ABBEGAEL GIUNTA**<br>**Senior Deputy Attorney General**<br>**Attorney I.D. #94059**<br><br>*Counsel for Defendants*<br><br>**Office of Attorney General**<br>**Litigation Section**<br>**15th Floor, Strawberry Square**<br>**Harrisburg, PA  17120**<br>**Direct:     717-787-8106**<br>**Fax:         717-772-4526**<br>kjoel@attorneygeneral.gov<br><br>**Dated:        April 15, 2016** |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 15, 2016, he personally caused to be served upon opposing counsel a true and correct copy of the foregoing "Joint Case Management Plan" via the Court's ECF filing system:


Dated:   April 15, 2016						_____/s/ *Paul A. Rossi*_____
								Paul A. Rossi, Esq.
								*Counsel for Plaintiffs*
								Attorney I.D. #84947
								IMPG Advocates, Inc.
								873 East Baltimore Pike
								Suite #705
								Kennett Square, PA  19348
								Direct: 717.961.8978
								Fax:     717.898.9302
								Paul-Rossi@comcast.net