**EXHIBIT 11**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| CITY OF PITTSBURGH, | No. GD 16-015884 |
| Petitioner | |
| v. | |
| OPENPITTSBURGH.ORG; and COUNTY OF ALLEGHENY, DEPARTMENT OF ADMINISTRATIVE SERVICES, ELECTION DIVISION, | OPINION AND ORDER OF COURT |
| Respondents. | |

Honorable Joseph M. James

Copies Sent To:

Lourdes Sanchez Ridge, Esquire
Lawrence M. Otter, Esquire

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| CITY OF PITSBURGH,<br><br>       Petitioner<br><br>       v.<br><br>OPENPITTSBURGH.ORG; and COUNTY OF ALLEGHENY, DEPARTMENT OF ADMINISTRATIVE SERVICES, ELECTION DIVISION,<br><br>       Respondents. | No.  GD 16-015884 |

**OPINION**

James, J.                                                                                                                              September 20, 2016


This action began with a petition circulated by OpenPittsburgh.org who is seeking to amend the City of Pittsburgh's Home Rule Charter ("HRC"). OpenPittsburgh.org wants to require the City to put more of its information and meetings online and to establish a citizen's advisory committee by placing the following question on the November 8, 2016 ballot:

> Shall Pittsburgh's Charter be amended to delete Article 6: Community Advisory Boards (voided, Dec. 31, 2000) and substitute Article 6: Open Government, providing greater public disclosure; requiring public information, notices, and meetings be Internet accessible; setting applicable standards; creating a selectable notification process; and establishing an open membership Citizen Advisory Panel to which pending legislative and administrative actions must be explained and through which citizens can develop and provide information and comment before final approval?

The original deadline for OpenPittsburgh.org to submit the petition and signatures was Tuesday, August 8, 2016. On July 22, 2016, OpenPittsburgh.org filed a federal lawsuit seeking to strike down the following requirements claiming that they violated their First Amendment rights: (i) the Petition circulators must be Pennsylvania residents; (ii) the Petition circulators must be registered Electors of Pennsylvania; (iii) the "Affidavit of Circulator" on a petition must be made before a notary public or a sworn affidavit; and (iv) a petition signatory must be a registered voter, as a matter of state statutory interpretation.

On August 1, 2016, OpenPittsburgh.org sought emergency relief in federal court before Judge Mark. R. Hornak. Judge Hornak granted in part and denied in part OpenPittsburgh.org's request. On August 9, 2016, Judge Hornak extended the deadline for OpenPittsburgh.org's petitions but denied preliminary injunctive relief and directed the Elections Division to accept referendum petitions circulated by an out-of-state circulator as long as certain information including their name, residence, age and citizenship were included. Judge Hornak also stated:

> In furtherance of the relief granted by this Order, it is hereby ORDERED that Defendants Mark Wolosik, John P. DeFazio, Rich Fitzgerald, and Samuel Demarco shall, until 5:00 p.m. EDT on August 15, 2016, accept referendum Petitions from Plaintiff OpenPittsburgh.org ("OPO") signed by petitioners between 5:00 p.m. EDT on August 9, 2016 and 4:00 p.m. EDT August 15, 2016. All such Petitions shall be subject to review under and compliance with applicable law, except to the extent otherwise provided by this Order.

OpenPittsburgh.org submitted petitions on August 9 and 15, 2016. The Elections Division "reluctantly" decided to accept them and place their question on the ballot. On

August 22, 2016, the City filed Objections to the Question for Referendum.

The City has standing to challenge the number of signatures submitted by OpenPittsburgh.org. The City is "aggrieved" by having a "substantial, direct, and immediate interest in the outcome." Pennsylvania Gaming Control Bd. v. City Council of Philadelphia, 928 A.2d 1255, 1265-66 (Pa. 2007). The HRC is the City's foundational document and OpenPittsburgh.org is attempting to introduce numerous changes which will cause a fundamental change in how the City functions.

OpenPittsburgh.org has failed to muster the necessary number of qualifying signatures to place the referendum on the ballot. According to the formula provided in 53 Pa. C.S.A. § 2943(a), 7,582 signatures are necessary to place the question on the ballot. On August 9 and 15, 2016, OpenPittsburgh.org submitted a total of 12,315 signatures to the Elections Division. However, 3,792 of those signatures must be stricken primarily because the petition paper was not submitted with a valid notarized affidavit as required. Additionally, another 8,454 signatures must be stricken because they were gathered by out-of-state circulators prior to the extended submission deadline of August 15, 2016. Furthermore, there is no verification that the out-of-state circulators were adults or U.S. citizens. Finally, they were not notarized or sworn. That leaves OpenPittsburgh.org with less than 7,582 required signatures necessary to place the question on the ballot. Judge Hornak made those additional requirements a condition for the extension of the filing deadline. The failure to comply with those requirements is a fatal defect and cannot be cured by an amendment.

The Elections Division received timely notice of the City's Objections. OpenPittsburgh.org claims that the City did not properly serve the Elections Division

within the statutorily mandated timeframe under 25 P.S. §2937. They note that "[s]ervice by mail is not precluded by the Election Code, but receipt of notice within the seven day period is mandatory, so as a practical matter, personal service is required." However, the Pennsylvania Supreme Court defined "service" as "the exhibition or delivery of a legal document 'to a person who is thereby advised or warned of some action or step which he is commanded to take or forebear.'" Petition of Acosta, 578 A.2d 407, 409 n.4 (Pa. 1990). Council for the City exhibited the Objections to the County Solicitor prior to the 5:00 p.m. deadline. As stated above, Judge Hornak ordered that the County "shall, until 5:00 p.m. EDT on August 15, 2016, accept referendum Petitions from Plaintiff OpenPittsburgh.org ("OPO") signed by petitioners between 5:00 p.m. EDT on August 9, 2016 and 4:00 p.m. EDT August 15, 2016." The seven day period for challenging the referendum began to run on Friday, August 19, 2016 when the Elections Division sent its letter stating that they were reluctantly accepting OpenPittsburgh.org's submissions. The County Solicitor received an e-mail copy of the Objections on August 22nd at 5:11 p.m and the Court of Common Pleas received a copy of the petition on August 23rd.

OpenPittsburgh.org's referendum question contains "material errors or defects" under 25 P.S. §2936(a) and shall not be permitted to be filed. OpenPittsburgh.org's proposed amendment consists of approximately 12,000 words of legal requirements and provisions and the current HRC contains only about 9,000 words. It is impossible for a 75 word question on the ballot to accurately represent the scope of OpenPittsburgh.org's 12,000 word proposed amendment. In a similar case, the Commonwealth Court held that a vaguely worded referendum may not be placed on the

ballot. In <u>City of Pittsburgh v. Cty. Of Allegheny Dep't of Admin. Servs., Election Div.</u>, 860 A.2d 616, 619 (Pa. Cmwlth. 2004), the following referendum was proposed:

> In order to maintain adequate Health and Safety for all residents, including seniors, children and adults in the City of Pittsburgh, the National Fire Protection Association's NFPA 1710 Standards for Organization and Deployment of Fire Suppression Operations shall be a mandatory standard to be implemented and followed by the City of Pittsburgh and the Pittsburgh Fire Bureau.

The referendum contained changes that would have a significant impact on governmental budgets and resource management. The Commonwealth Court found that due to the way it was worded, the referendum was defective and should not appear on the ballot. The Court stated, "the original referendum question was written in very non-specific terms and in a manner that appealed to the sensibilities of any reasonable lay person, i.e., the question began with the statement '[i]n order to maintain adequate Health and Safety for all residents, including seniors, children and adults in the City of Pittsburgh...' In other words, any reasonable lay person would not be hesitant to sign a petition with the question as presented, especially where that question seems to imply that the adoption of the NFPA 1710 standards was necessary to ensure that person's health and safety.]" <u>Id</u>. at 619 n. 6. Similarly, OpenPittsburgh.org's referendum question does not accurately describe the nature of the changes it would make to the HRC.

Based upon the foregoing, the City's Objections to the Question for Referendum are sustained and OpenPittsburgh.org's Question for Referendum is set aside.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| CITY OF PITTSBURGH,<br><br>        Petitioner<br><br>    v.<br><br>OPENPITTSBURGH.ORG; and COUNTY OF ALLEGHENY, DEPARTMENT OF ADMINISTRATIVE SERVICES, ELECTION DIVISION,<br><br>        Respondents. | No. GD 16-015884 |

## ORDER OF COURT

AND NOW, this 20th day of September 2016, upon consideration of the City of Pittsburgh's Objection to the Question for Referendum, it is hereby Ordered that the City's Objections are sustained and the Question for Referendum at issue is set aside.

By the Court,

_Joseph M. James_ J.