# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENEZET CONSULTING, LLC TRENTON POOL *and* CAROL LOVE | : : : | No. 1:16-CV-0074 |
| Plaintiffs | : : | |
| | : | Judge Kane |
| v. | : : | |
| | : | *Complaint filed 01/14/16* |
| ROBERT TORRES *and* JONATHAN MARKS, | : : : | |
| Defendants | : | Electronically Filed Document |

## DEFENDANTS' SUPPLEMENTAL REPLY BRIEF

Defendants, Acting Secretary of the Commonwealth Robert Torres[1] and Jonathan Marks ("Defendants"), by and through their undersigned counsel, hereby submit this Supplemental Reply Brief in Support of their Motion for Summary Judgment. Supplemental briefing was granted at Defendant's request after the Third Circuit Court of Appeals issued its opinion in *Roque "Rocky" De La Fuente v. Cortés*, No. 1:16-cv-01696, 2018 WL 3752233 (M.D. Pa. Aug. 7, 2017). In their Supplemental Supporting Brief, Defendants explain why *De La Fuente* confirms that the out-of-state Plaintiffs in the instant matter have no constitutional right to

---

[1] Former Secretary of the Commonwealth Pedro A. Cortés, resigned on October 11, 2017, the same day Acting Secretary Torres assumed his current office. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary Torres is automatically substituted as a party for Secretary Cortés.  *See* Fed. R. Civ. P. 25(d).

1

participate in Pennsylvania's primary election process. Plaintiffs filed an opposition brief arguing, *inter alia*, that *De La Fuente* is not applicable to their claims. Defendants now file this Reply Brief to address only three arguments raised in Plaintiffs' oppositional brief that have not otherwise been addressed in the Defendants' summary judgment filings.

## I. ARGUMENT

### A. Plaintiffs have no special interest in Pennsylvania elections.

In *De La Fuente*, the Court reiterated the well-grounded principles of associational speech. It stated that, "[t]he First Amendment protects 'the freedom to join together in common political beliefs.'" *De La Fuente*, 2018 WL 3752233, at *4 (citations omitted). This "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." *Id.* "Moreover, 'in no area is the political association's right to exclude more important than in the process of selecting its nominee." *Id.* This means that in the election context, "the associational interest in selecting the candidate of a group to which one does not belong . . . *falls short of a constitutional right, if indeed it can even be characterized as an interest.*" *Id.* (emphasis added).

Based upon the Circuit Court's reasoning, it follows that party members from another state have no such right in which candidates Pennsylvanians choose to be on the primary ballot. There is simply no constitutional right, let alone protected

interest, in "selecting the candidate of a group to which one does not belong." *Id*. at *4.

Without citing any legal authority, Plaintiff Pool contends that his membership in the Texas Republican Party renders him a *de facto* member of the Pennsylvania Republican Party with the full rights attendant with being a member of the Pennsylvania Republican electorate. ECF Doc. No. 68 at 1-3. This conclusion is at odds with the holding in *De La Fuente*. Put simply, Plaintiffs Benezet and Pool cannot distinguish themselves from those collectors that De La Fuente wishes to use in 2020 because there is no distinction to be made. Plaintiffs Benezet and Pool are not members of **Pennsylvania** political parties and they have no constitutionally protected interest in participating in Pennsylvania's primary elections. Therefore, their challenge to Section 2869(a) of the Election Code necessarily fails and Defendants are entitled to judgment in their favor.

    B.    <u>The Circuit Court's decision in *Wilmoth* is not *per se* outcome determinative of Plaintiffs' free speech claim</u>.

In *Wilmoth v. Secretary of State of New Jersey*, the Third Circuit confirmed that a "residency requirement for circulators restricts 'core political speech,'" which warrants the application of strict scrutiny. 731 Fed. App'x 97, 103 (3d Cir. 2018). The Court remanded the matter to the District Court for further proceedings to determine whether the state of New Jersey had a compelling interest in advancing the in-state witness rule.

3

It is important to note *Wilmoth* was decided by the Circuit Court on a motion to dismiss, and thus, the Court was forced to presume that the factual allegations in the complaint were entirely true. This is markedly different from the instant case where an extensive factual record has been developed—beginning at the preliminary injunction hearing, continuing though written and oral discovery, and presented in the context of a summary judgment motion. In their original summary judgment brief, Defendants outlined ample reasons the Commonwealth of Pennsylvania **has** a compelling state interest in requiring those who sign the circulator's affidavit to be registered members of a Pennsylvania political party. *See* ECF Doc. No. 43 at 26-30 & 33-36.[2] Based upon the evidence in the record and for the reasons explained in Defendants' prior brief, Pennsylvania's in-state witness rule survives constitutional muster. Accordingly, Defendants are entitled to judgment in their favor.

C.  *Tashjian* is distinguishable and, therefore, not controlling.

In *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), the Supreme Court examined the constitutionality of a Connecticut statute which required voters in any political party primary to be registered members of that party

---

[2]  As argued in Defendants' supporting brief, the factual record belies a conclusion that Plaintiffs' speech has been impinged. Plaintiffs can circulate petitions; they are simply restricted from signing the affidavit. Further, Plaintiffs conceded to using "tricks" and "gimmicks" to maximize their business venture of obtaining as many signatures as possible in as short a time as possible. *See* ECF Doc. No. 43 at 11 & 31.

after the Republican Party of Connecticut adopted a Party rule which allowed independent voters to vote in the Republican primaries for certain offices. The Court concluded that the statute was unconstitutional, but noted that the holding did not establish that "the State lacks any authority to unilaterally define the contours of the associational rights of political parties." *Tashjian*, 479 U.S. at 223, n.13.

Plaintiffs present *Tashjian* as standing for the proposition that, to survive a constitutional challenge, Defendants must show that the Pennsylvania parties have attempted to exclude non-party members from circulating nomination petitions. Plaintiffs misconstrue the holding. In *Tashjian*, the Court was examining the *right to vote* – specifically, who could vote and when. None of the facts in *Tashjian* are analogous to the facts of the controversy in the present litigation. The "right" that Plaintiffs champion in this case is *circulation of petitions* – not voting itself. And, to be clear, Plaintiffs are *not* prevented from circulating petitions – they just need a registered Pennsylvania voter to sign the affidavit. There is no evidence in the record before this Court that the Republican Party of Pennsylvania passed a party rule similar to the one at issue in *Tashjian*, allowing non-party members to vote in the Republican primary. Accordingly, *Tashjian* is distinguishable and not controlling.

## II.     CONCLUSION

For the foregoing reasons, and for the reasons set forth in their Brief in Support of Summary Judgment, their Brief in Opposition to Plaintiffs' Motion for Summary Judgment, and their Supplemental Brief, Defendants respectfully request that judgment be entered in their favor.

                                                **Respectfully submitted,**

                                                **JOSH SHAPIRO**
                                                **Attorney General**

                                     **By:**   *s/ Keli M. Neary*
                                                **KELI M. NEARY**

**Office of Attorney General**                **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**          **Civil Litigation Section**
**Harrisburg, PA 17120**                       **Attorney ID 205178**
**Phone: (717) 787-1180**
**Fax:  (717) 772-4526**
**kneary@attorneygeneral.gov**

**Date:  October 26, 2018**                  *Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENEZET CONSULTING, LLC** and **TRENTON POOL**, | : : | No. 1:16-CV-0074 |
| Plaintiffs | : : | Judge Kane |
| v. | : : | Complaint filed 01/14/16 |
| **PEDRO A. CORTES** and **JONATHAN MARKS**, | : : | |
| Defendants | : | Electronically Filed Document |

## CERTIFICATE OF SERVICE

I, Keli M. Neary, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 26, 2018, I caused to be served a true and correct copy of the foregoing document titled Defendants' Supplemental Reply Brief, to the following:

**VIA ELECTRONIC FILING**

**Paul Anthony Rossi**
**873 East Baltimore Pike**
**Suite 705**
**Kennett Square, PA 19348-1801**
paularossi@comcast.net
*Counsel for Plaintiffs*

                              *s/ Keli M. Neary*
                              **KELI M. NEARY**